United States District Court
                       District of Massachusetts

 _____
                                     )
 **United States of America,**       )
                                     )
         v.                          )
                                     )   **Criminal Action No.**
 **Joel Liceaga,**                   )   **10-10017-NMG**
                                     )
         Defendant.                  )
 _____)


                       MEMORANDUM AND ORDER

**GORTON, J.**

    On July 17, 2012, defendant Joel Liceaga ("Liceaga") was sentenced to 135 months in prison and 60 months of supervised release for Conspiracy to Possess with Intent to Distribute and to Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He contends that he received ineffective assistance of counsel during trial and moves to vacate his guilty plea and sentence, pursuant to 28 U.S.C. § 2255. For the reasons that follow, Liceaga's motion will be denied without an evidentiary hearing.

**I.  Background**

    In December, 2010, Liceaga was charged with a single count of participating in a heroin trafficking conspiracy. He was arrested in March, 2011 and he retained Carl N. Donaldson ("Donaldson") as one of his attorneys.

                                 -1-

In January, 2012, the Government filed a motion to disqualify counsel on the grounds that Donaldson had potential conflicts of interest for having 1) represented two of Liceaga's co-conspirators in state court and 2) withdrawn representation of Liceaga for a period of six months when, Donaldson was suspended from the practice of law by the Board of Bar Overseers for the Commonwealth of Massachusetts.

In February, 2012, this Court held a hearing to determine whether attorney Donaldson should be disqualified, during which Liceaga confirmed his decision to proceed with Donaldson as counsel. The following month, this Court conducted a Rule 11 hearing after the parties had entered into a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement and conditionally accepted Liceaga's guilty plea. Liceaga was subsequently sentenced to 135 months in prison and 60 months of supervised release.

In July, 2013, Liceaga moved to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255. He claims that he received ineffective assistance of counsel because his trial counsel 1) had a conflict of interest and should have been disqualified, 2) failed to advise him of his possible deportation, and 3) failed to discuss various sentencing factors with him. Liceaga doubts whether his agreed-upon disposition range in his plea agreement represented his true sentencing exposure.

## II. Analysis

### A. Legal Standard

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented a claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Pleading constitutionally ineffective assistance of counsel suffices to show cause excusing a procedural default. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999).

-3-

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that his representation by counsel 1) "fell below an objective standard of reasonableness" and 2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). That test is difficult to satisfy. "[J]udicial scrutiny of counsel's performance must be highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

Although many claims of ineffective assistance of counsel require evidentiary hearings to develop the record fully and to ascertain communications between counsel and defendant, "a prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998). A defendant filing a § 2255 petition bears a "fairly heavy burden" of proving that an evidentiary hearing is merited. See McGill, 11 F.3d at 225.

> [W]hen (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible,"

the Court may forego a hearing. David, 134 F.3d at 477 (quoting United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993)). Furthermore, an evidentiary hearing is not required "where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing." Ouelette v. United States, 862 F.2d 371, 377 (1st Cir. 1988).

**B. Application**

**1. Waiver of potential conflict of interest**

Liceaga argues that his counsel was ineffective due to conflicts of interest that should have led to disqualification. He reiterates the arguments made by the Government in its January, 2012 motion to disqualify, asserting that Donaldson's prior representation of Liceaga's co-conspirators in state court and Donaldson's state bar disciplinary proceedings rendered him ineffective due to conflicts of interest.

However, Liceaga knowingly waived his right to conflict-free counsel. This Court conducted two hearings in February and March, 2012, to ensure that Liceaga was aware of Donaldson's potential conflicts. At the February proceeding regarding the

-5-

Government's motion to disqualify, the Court addressed Donaldson's possible conflicts in detail. Liceaga affirmatively stated under oath that he wished to continue with Donaldson as counsel. Donaldson further noted for the record that he had discussed the issue of any potential conflict with Liceaga on at least three different occasions.

At the March, 2012 Rule 11 hearing, the Court again discussed the issue of Donaldson's potential conflicts of interest with Liceaga during the colloquy. Liceaga again confirmed his desire to have Donaldson continue to represent him. This Court ultimately accepted Liceaga's waiver.

Liceaga has not demonstrated that any conflict of interest adversely affected Donaldson's performance to meet either prong of the Strickland test, particularly because the conflict issues were extensively discussed and knowingly waived.

### 2. Advisement of possible deportation

Liceaga also contends that he received ineffective assistance of counsel because his attorney failed to make him aware of his possible deportation. However, Liceaga had been informed of the potential deportation consequences of his guilty plea on multiple occasions. Liceaga's plea agreement, which he reviewed and signed in March, 2012, explicitly advised him that deportation was a possibility. Furthermore, at the Rule 11 hearing that same month, both the Government and this Court took

steps to ensure that Liceaga understood the immigration consequences of his guilty plea.  Liceaga confirmed, under oath, that he understood that he would likely be deported.  Liceaga also stood silently at his sentencing as Donaldson stated that Liceaga was going to be deported when arguing for a sentence at the bottom the applicable guideline range.

Even if Donaldson failed adequately to advise him of the potential deportation consequences, Liceaga fails to meet the second prong of the Strickland test.  He has not demonstrated that but for his counsel's error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial.  Rather, evidence of record suggests that Liceaga acknowledged and understood the consequence of his guilty plea and would have pled guilty regardless of whether his attorney notified him of the likelihood of deportation.

### 3. Proper sentencing exposure

Liceaga questions whether the agreed-upon disposition range in his plea agreement represented his true sentencing exposure because he contends that Donaldson failed to discuss various sentencing factors with him.  To the extent that Liceaga's argument sets forth a claim for ineffective assistance of counsel, it has not been alleged with any particularity and falls short of meeting either prong of the Strickland standard.

### 4. Evidentiary hearing

An evidentiary hearing is unnecessary because Liceaga has failed to demonstrate that such a hearing is merited. The record contradicts his claims and provides a sufficient basis for resolving the matter without an additional hearing.

### ORDER

Based upon the foregoing, defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Docket No. 228) is **DENIED** and the petition is **DISMISSED**. The Court furthermore **DENIES** a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 17, 2014